## N. Y. SUPREME COURT.

In the Matter of the proceeding of ANN SCHROEDER for the custody of her infant children GEORGE E. and ANNA L. CANTY.

*Section of Code, when takes effect —Deeding infant children —The test by the court —Code of Civil Procedure, sections 2851, 3356.*

The provisions of section 2851 of the Code of Civil Procedure, by section 3356, did not go into effect until September 1, 1880.

Instrument deeding infant children must now be recorded within three months after the decease of the grantor to secure and preserve its validity.

The security, good conduct and well being of infant children are the important considerations to be regarded, and where those ends can only be best accomplished by depriving the mother of their custody, it is the uniform practice of the courts to give such a direction.

*First Department, General Term, March,* 1883.

*Before* DAVIS, *C. J.,* BRADY *and* DANIELS, *JJ.*

Matter of Schroeder.

ANN SCHROEDER, formerly Ann Canty, brought *habeas corpus* proceedings to recover the possession of her two infant children which she claimed were illegally withheld from her by their aunts. The respondents made return that they held the children by virtue of an agreement signed by the father of the children and the relator, their mother. The facts will be sufficiently found in the opinion. The special term judge dismissed the writ on the merits, with costs.

*George H. Hart*, attorney for the petitioner, appellant, made and argued the following points :

I. The appointment of the respondents as guardians by the indenture purporting to be executed by the relator and her deceased husband is ineffectual. It is a nullity because the instrument was not recorded as is required by law, and the trust was never accepted but in effect was renounced (*Code of Civil Proc.*, *sec.* 2851).

II. If the instrument verified by itself is of legal value, it is invalid and ineffectual if it be the fruit of undue influence (*Limburger* agt. *Rawch*, 2 *Abb. Pr.* [*N. S.*], 279; *Matter of Paige*, 62 *Barb.*, 476; *Clarke* agt. *Sawyer*, 2 *N. Y.*, 498).

III. Whatever rights the parents, or either of them, had to dispose of the children by deed, such right being exercised, it is revocable at their pleasure, although it is insisted that such deed is inoperative during the life of the grantor (*Tyler on Infancy and Coverture* [*2d ed.*], 247).

IV. The relator, as the mother and surviving parent of the children was entitled, as an absolute right, either to a judgment directing the immediate delivery to her of her children because of the failure of the respondents to show that they had recorded the deed as required by law, or else to an examination into the issues raised (*Hand on Habeas Corpus*, 528; *Tyler on Infancy and Coverture*, 240).

*J. C. Julius Langbein*, attorney for respondents, made and argued the following points :

I. The order dismissing the writ of *habeas corpus* rested in

the sound judicial discretion of the court, and such discretion was properly exercised upon the papers and proofs presented. Whether the court shall direct an infant to be delivered over to any particular person, even the father who is first entitled, rests in its judicial discretion (*Matter of McDonle*, 8 *Johns.*, 382; *Matter of Waldron*, 13 *Johns.*, 418; *People* agt. *Mercier*, 8 *Paige*, 47; *Matter of Murphy*, 12 *How.*, 513; *People* agt. *Kling*, 6 *Barb.*, 366.; *People* agt. *Olmstead*, 27 *Barb.*, 9; *In re Clifton*, 47 *How.*, 172). The future welfare and interest of the infant, without regard to mere legal right, is the test by the court, and this is so purely a matter of discretion that it will not be reviewed on appeal, except in case of manifest error or abuse of discretion (*Ex parte Welch*, 74 *N. Y.*, 299).

II. Irrespective of the strict legality as to the execution of the agreement by which the custody, tuition and education of the children were committed to the respondents, their welfare, interest and happiness will be best promoted in the future, as it has been in the past, by allowing them to remain as contemplated and expressed in the agreement with their aunts (*Matter of Murphy*, 12 *How.*, 513; *Matter of Watson*, 10 *Abb. N. C.*, 216; *Wilcox* agt. *Wilcox*, 14 *N. Y.*, 575).

DANIELS, *J.* — The children whose custody is in controversy are a son of the applicant, who is nearly of the age of eight years, and a daughter nearly the age of seven years at the time when the order was made from which the appeal has been taken. They had resided with the respondents, who were sisters of their father, for more than three years preceeding the day of his decease, which was on the 6th day of July, 1879.

He was at their residence during his last sickness, and he was supported, nursed and cared for by them; and on or about the 2d day of July, 1879, he, together with the petitioner, the mother of the children, executed an instrument under seal committing the custody, tuition and education of

Matter of Schroeder.

the children during their minority to his sisters, the respondents, and under that instrument the children were supported and cared for by the respondents to the time of the hearing in December, 1882, when the order from which the appeal has been taken was made. This instrument has been objected to as ineffectual under section 2851 of the Code of Civil Procedure, because of the omission to record it. But by section 3356 the provision requiring such an instrument to be recorded within three months after the decease of the grantor to secure and preserve its validity, did not go into effect before the 1st day of September, 1882. It consequently could not include the instrument executed by the father and mother of these two children. That seems to have been made under the authority of the preceding statute impowering the father of a minor child to dispose of his or her custody and tuition during his minority, or for any less period of time, by his deed or last will duly executed (3 *R. S.* [6th *ed.*], 167, *sec.* 1). Under the authority of this section it was not required that the mother should join in the execution of the instrument. But the fact that she did so, could in no manner deprive it of effect, for it was still the deed of the father designed to take effect upon his own decease, which took place in a few days afterwards. But even if it should be held that the instrument itself for any cause was inoperative, still the facts as they were made to appear on the hearing would deprive the applicant of the custody of the children.

It was alleged, and not denied, that she had been in the habit of quarreling with her husband, when the children would be taken to the home of his sisters, and left there with them. That the applicant at times left her home and remained away for two or three weeks, during which she did not give the children a mother's care or attention. That she has been arrested several times since her husband's death for disorderly conduct, and that it was the dying wish of the father of the children that their care and custody should be committed to the respondents, and the children themselves have no desire

Matter of Schroeder.

to leave them, but remain there. It is only reasonable to presume, from the circumstances, that the children could not be committed to the custody of their mother without danger to their morals, as well as their health and personal safety.

That they are better cared for, provided for and protected by the respondents than they could be by her, is free from all reasonable grounds of doubt. And the law will not interpose under such circumstances to remove infant children from a comfortable home provided for them, as their present residence has been, and commit them to the care and custody of their mother, where both safety and their morals would evidently be endangered by such an interposition. Under ordinary circumstances the mother, after the decease of the father, is entitled to the custody of her infant children. For it is presumed that they will be well cared for and protected in all respects by her. But when the facts disclosed in the controversy for their custody are such as to remove this presumption, and to justify the conclusion that it has no foundation in the particular case, then when they are properly cared for by others, to whom their custody may have been committed, the law will not interfere in her behalf. The security, good conduct and well being of the children are the important considerations to be regarded, and where those ends can only be best accomplished by depriving the mother of their custody, it is the uniform practice of the courts to give such a direction (*Matter of Murphy*, 12 *How.*, 513 ; *Matter of Clifton*, 47 *id.*, 172 ; *Matter of Watson*, 10 *Abb. N. S.*, 215).

As the facts were presented by the return to the writ, and its traverse of so much of it was denied by the applicant, the order was correct, and it should be affirmed with the usual costs and disbursements.

DAVIS, C. J., and BRADY, J., concurred.